WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Hinton, et al., | No. CV-24-01817-PHX-SMM |
| Plaintiffs, | **ORDER** |
| v. | |
| Chretin's Family LLC, | |
| Defendant. | |

The Court has received Plaintiff Denise Milani (a/k/a Denise Trlica) Supplemental Declaration in Support of Plaintiff's Motion for Default Judgment against Chretin's Family, LLC. (Doc. 20). For the reasons stated below, the Court grants Plaintiff Milani's Motion. (Doc. 15).

**I.    BACKGROUND**

The facts in the Court's preceding Order, (Doc. 19), are the same and need not be repeated.

**II.    LEGAL STANDARD**

Rules 55(a) of the Federal Rules of Civil Procedure requires that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once a party is found to be in default, on the plaintiff's motion, the Court may enter a default judgment. Fed. R. Civ. P. 55(b). After an entry of default, the Court may grant a default judgment on the merits of the case. Twentieth

Century Fox Film Corp. v. Streeter, 438 F.Supp.2d 1065, 1070 (D. Ariz. 2006).

Rule 55 does not require the entry of judgment against a defaulting party, as "the decision whether to enter a default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys. Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 2007); Aldabe, 616 F.2d at 1092 (9th Cir. 1980).

When a defendant defaults, that default acts as an admission of the Complaint's well-pleaded allegations of fact. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 851 (9th Cir. 2007); Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Circ. 1992). However, a defendant's default does not establish claims that are legally insufficient; a default still requires that the stated cause of action in the Complaint have the requisite facts to establish each element of each claim. DirecTV, Inc., 503 F.3d at 854.

"Plaintiff is required to prove all damages sought in the complaint." Philip Morris USA v. Castworld Prods, Inc., 219 F.R.D at 494, 498 (C.D. Cal. 2003). In its determination of damages, the Court may rely on the declarations submitted by the plaintiff or order a full evidentiary hearing. Fed. R. Civ. P. 55(b)(2).

**III.   DISCUSSION**

As the Defendant has not answered or otherwise appeared in this action, Plaintiffs request that the Court enter a default judgment against Defendant in the amount of $265,000 for the fair market value of Defendant's commercial use of Plaintiffs' images. (Doc. 15-1 at 4). The Court granted the other Plaintiffs' Motion for Default Judgment but denied, without prejudice, Plaintiff Milani's Motion. (Doc. 19). Plaintiffs provided a declaration from Stephen Chamberlin, who detailed the analysis and factors that culminated in his determination of Plaintiffs' damages. (Doc. 15-2, Ex. A). Mr. Chamberlin is a model and talent agent with ample experience in the industry of valuating image uses and model contracts. Id. In his initial declaration, Mr. Chamberlin provided the unexplained and ambiguous term "21/1S" in the "# Images" column of his fair market

valuation table for Plaintiff Milani. Id. Consequently, the Court denied Plaintiff Milani's Motion without prejudice and ordered her to re-file her Motion, properly alleging damages sought. (Doc. 19 at 12:7-15).

In Plaintiff Milani's Supplemental Declaration, Mr. Chamberlin clarifies that this term referred to the use of two images on one "shoot day." (Doc. 20-1 at 3:5-9). Plaintiff uses this explanation to justify her request of $10,000 as the fair market valuation of her images. The Court finds this new information persuasive and sufficient to meet the standard of proof. Accordingly, Plaintiff Milani has properly alleged her claim for damages.

### IV. CONCLUSION

The court concludes that the damages have been sufficiently pled by Plaintiff Melani, and therefore entry of default judgment is appropriate.

Therefore,

**IT IS ORDERED granting** Plaintiff's Motion for Default Judgment against Chretin's Family, LLC. (Docs. 15; 20).

**IT IS FURTHER ORDERED awarding** Plaintiff Milani $10,000 in actual damages.

Dated this 18th day of July, 2025.

_____
Stephen M. McNamee
Senior United States District Judge